(23 Misc. Rep. 141.)

SIPP v. SIEGEL–COOPER CO.

(Supreme Court, Appellate Term.   March 28, 1898.)

BAILMENTS—EVIDENCE—ADMISSIBILITY.
    Evidence of what a hirer of property had offered the owner in settlement of his claim for the use is inadmissible to show the value of the use.

Appeal from Thirteenth district court.

Action by George A. Sipp against the Siegel-Cooper Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. C. Van Loon, for plaintiff.
Rose & Putzel, for defendant.

GILDERSLEEVE, J. The issue herein presented by the pleadings and the testimony was as to the compensation which plaintiff was entitled to receive for the use of two trucks and three delivery wagons for, at the most, one full day. It was the claim of the plaintiff that the defendant admitted that the use of the trucks and wagons was of the value of $35. It was for this amount that the learned trial justice rendered judgment in favor of the plaintiff. A

careful examination of the record fails to disclose any evidence to support this judgment. The evidence shows that plaintiff made a claim against defendant for $75, and that the correctness of this claim was disputed by defendant; and it further appears that, subsequent to the commencement of the action, defendant instructed its lawyers to pay $35 to the plaintiff, on obtaining from him a release. It is the contention of the defendant that this offer was made in order to compromise the particular claim for which this action was brought, as well as other differences that existed between the parties to the action. However that may.be, no payment was made, and no settlement had. The action was not brought to recover upon the express promise of the defendant to pay the sum of $35, but was brought, as we have seen, to recover payment for the use of the two trucks and three parcel wagons, as appears by the record of the oral pleadings. Plaintiff claims, correctly, that the question of value was one of fact, to be found by the justice, before whom the action was tried. It would seem that the justice considered the defendant's letter, which was nothing more than a proposition to compromise, and the testimony as to what transpired between the parties, as evidence of the fair value of the use of the trucks and wagons; and, consequently, he fixed, as we have said, the recovery at $35. This conclusion is clearly against the weight of evidence. There is no sufficient evidence to support such an award. The preponderance of evidence shows undisputably that the fair value of the use of the trucks and wagons in question did not exceed the sum of $7.

For the reasons above stated, the judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.